UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| Delia Galan | } | |
| | } | |
|     Plaintiff, | } | |
| | } | |
| v. | } | Case No: 3:16-CV-548-DJH |
| | } | |
| GLA Collection Company, Inc. | } | **COMPLAINT** |
| | } | |
|     **Serve via certified mail**: | } | JURY TRIAL DEMANDED |
|     To registered agent: | } | |
|     Michael L. Lynch | } | |
|     2630 Gleeson Lane | } | |
|     Louisville, KY 40299 | } | |
| | } | |
|     Defendant. | } | |

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes now the Plaintiff, Delia Galan ("*Plaintiff*" or "*Ms. Galan*"), by counsel, and for her Complaint against the Defendant, GLA Collection Company, Inc. ("*Defendant*" or "*GLA*"), states as follows:

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

## PARTIES

2. The Plaintiff, Delia Galan, is an individual and a citizen of the Commonwealth of Kentucky, residing in Jefferson County. Plaintiff is a "consumer" as that term is defined in the FDCPA and with respect to the matters contained herein.

3. Defendant, GLA Collection Company, Inc., is a corporation organized and existing under the laws of the Commonwealth of Kentucky, having a principal office located at 2630 Gleeson Lane, Louisville, Jefferson County, Kentucky, 40299. At all pertinent times herein, Defendant was engaged in the business of collecting consumer debt in the Commonwealth of Kentucky. Defendant is a "debt collector" as said term in defined in the FDCPA and with respect to the matters contained herein.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1692(d). Venue in this District is proper because Defendant transacts business in this District, Plaintiff is a resident of this District and the conduct complained of occurred here.

## FACTS

5. On or about January 13, 2016, and May 26, 2016, Defendant sought to collect a consumer debt from Plaintiff by, *inter alia*, sending correspondence of even date to Plaintiff through the mail relating to a consumer account in the principal amount of $209.25, on behalf of a creditor, "Kentuckiana Diagnostics." The January 13, 2016 letter was the initial communication with Ms. Galan with respect to the alleged debt of $209.25.

6. On May 19, 2016, Plaintiff disputed the debt.

7. In the May 26, 2016 letter, the Defendant sent a purported validation letter with a copy of an Itemized Statement. The Itemized Statement showed a balance of $0.00.

8. Defendant's conduct as described herein caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, worry, disgrace, embarrassment, anxiety, humiliation, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

## COUNT I – FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS

9. Plaintiff reiterates and incorporates herein Paragraphs 1 to 7.

10. Defendant's representations to Plaintiff in its January 13, 2016 and May 26, 2016 letters were materially false, deceptive, and/or misleading.

11. In the January 13, 2016 and May 26, 2016 letters, Defendant falsely represented the amount of the debt, in violation of 15 U.S.C. § 1692(e)(2)(A).

12. Defendant, in violation of the FDCPA and through false, deceptive, misleading, harassing, and abusive actions, unlawfully attempted to collect an invalid debt.

13. Defendant's unlawful actions as described above and as set forth above, caused Plaintiff to sustain actual damages, in the form of mental and emotional turmoil and distress, disgrace, embarrassment, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, loss to credit rating, credit score, reputation, and perceived credit worthiness, entitling Plaintiff to an award of actual and statutory damages, plus attorney's fees and costs, against the Defendant.

14. With respect to additional damages that may be awarded pursuant to 15 U.S.C. § 1692(k)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## COUNT II – VIOLATION OF VALIDATION RIGHTS

15. Plaintiff reiterates and incorporates herein Paragraphs 1 to 13.

16. Defendant's conduct, as alleged herein, constitutes violations of the FDCPA in that Defendant falsely represented the amount of the debt. 15 U.S.C. § 1692(e)(2)(A).

17. Defendant's unlawful actions as described above and as set forth above, caused Plaintiff to sustain actual damages, in the form of mental and emotional turmoil and distress, disgrace, embarrassment, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, loss to credit rating, credit score, reputation, and perceived credit worthiness, entitling Plaintiff to an award of actual and staturoty damages, plus attorney's fees and costs, against the Defendant.

18. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692(k)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affect a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

WHEREFORE, Plaintiff, Delia Galan, demands relief against the Defendant, as follows:

 a. Entry of a Judgment against to compensate Plaintiff for her actual damages sustained as set forth in above Counts.

b.  Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

c.  Entry of a Judgment against for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

d.  Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

e.  Trial by jury on all issues so triable.

f.  Entry of an order temporarily and permanently enjoining from future similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the Debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

g.  An award of attorney's fees and costs herein incurred.

h.  Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

    ___s/Aaron M. Murphy_____
Aaron Michael Murphy
MURPHY & ASSOCIATES PLC
513 S. 2nd Street
Louisville, Kentucky 40202
(502) 473-6464
amm@louisvillefirm.com
*Counsel for Plaintiff*